FILED BY ___TS___ D.C.
Mar 26, 2025
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - Miami

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-20127-CR-ALTONAGA/REID

18 U.S.C. § 1343
18 U.S.C. § 981(a)(1)(C)
18 U.S.C. § 982(a)(1)

UNITED STATES OF AMERICA

vs.

PABLO SILVERIO REBOLLIDO,

        Defendant.
_____/

## INFORMATION

The United States Attorney charges that:

### GENERAL ALLEGATIONS

At all times relevant to this Information:

1. E Card Merchant, LLC and E Card Lending, LLC (collectively "E Card") were Florida companies located in Miami, Florida, that purported to offer high interest loans to individuals and businesses that could not obtain conventional commercial loans.

2. Defendant **PABLO SILVERIO REBOLLIDO** resided in the Southern District of Florida, and was the owner and operator of E Card.

3. A "*Ponzi* scheme" was an investment fraud scheme that involved the payment of claimed returns to existing investors from funds contributed by new investors. *Ponzi* schemes focused on attracting new investors to make promised payments to earlier-stage investors to create the false appearance that investors were profiting from a legitimate business. *Ponzi* schemes required a consistent flow of money from new investors to continue and tended to collapse when new investment dropped or when too many investors asked for their money back at once.

## WIRE FRAUD
### (18 U.S.C. § 1343)

4. From in or around August 2019, and continuing through in or around February 2024, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

**PABLO SILVERIO REBOLLIDO,**

did knowingly, and with the intent to defraud, devise, and intend to devise, a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing such pretenses, representations, and promises were false and fraudulent when made, and for the purpose of executing such scheme and artifice to defraud, did knowingly transmit and cause to be transmitted, by means of wire communications in interstate and foreign commerce, certain writings, signs, signals, pictures, and sounds, in violation of Title 18, United States Code, Section 1343.

### PURPOSE OF THE SCHEME AND ARTIFICE

5. It was the purpose of the conspiracy for the defendant to unlawfully enrich himself by: (a) soliciting individuals and inducing them to invest in E Card based on materially false and fraudulent statements and the concealment and omission of material facts; and (b) using investor funds to make payments to earlier investors in E Card and for the defendant's personal use and benefit, for the use and benefit of others, and to further the scheme.

### THE SCHEME AND ARTIFICE

The manner and means by which the defendant sought to accomplish the purpose of the scheme and artifice included, among others, the following:

6. Defendant **PABLO SILVERIO REBOLLIDO** represented to numerous individuals ("investors") that E Card was a thriving cash advance business making substantial profits. **REBOLLIDO** and others working on his behalf met, spoke to, or corresponded with investors to discuss investments in E Card.

2

7.  **PABLO SILVERIO REBOLLIDO** offered investors the opportunity to invest in E Card, whereby E Card would purportedly use investor funds to make high interest loans to E Card clients in exchange for regular monthly investment returns from E Card's profit on the loans. In fact, as **REBOLLIDO** knew, E Card did not make loans to clients and did not generate profits from any loans. As a result, **REBOLLIDO** operated a *Ponzi* scheme, using new investor funds to pay existing investors promised returns.

8.  While soliciting new investment for the *Ponzi* scheme, **PABLO SILVERIO REBOLLIDO** also misappropriated some investor funds for his own personal use and benefit and for the use and benefit of others. **REBOLLIDO** misappropriated millions of dollars of investor funds to pay for personal expenses, including the purchase of real property, a yacht, and other luxury items.

9.  To induce investors to invest money in E Card, **PABLO SILVERIO REBOLLIDO** made, and caused others to make, materially false and fraudulent statements to investors, and concealed and omitted to state, and caused others to conceal and omit to state, material facts to investors, including, among other things:

**Materially False Statements**

   (a)  that investor funds would be used to make high interest loans to E Card clients;

   (b)  that E Card had over seventy merchant clients;

   (c)  that E Card made profits each time a consumer used a credit card at one of the merchant clients' businesses;

   (d)  that E Card was able to pay investors through its successful cash advance business;

**Concealment and Omission of Material Facts**

   (e)  that E Card made no loans to clients;

3

(f) that E Card did not make a profit from its cash advance business;

(g) that new E Card investor money was used to pay prior E Card investors; and

(h) that **PABLO SILVERIO REBOLLIDO** used E Card investor money to pay personal expenses including the purchase of real property, a yacht, and other luxury items.

10. Based on these materially false and fraudulent statements and concealment and omission of material facts to investors, among others, **PABLO SILVERIO REBOLLIDO** raised approximately $50 million in investor funds from August 2019 through in and around February 2024.

## USE OF THE WIRES

11. On or about June 30, 2020, the defendant, for the purpose of executing and in furtherance of the scheme and artifice to defraud and to obtain money and property by means of materially and false and fraudulent pretenses, representations, and promises, knowing the pretenses, representations, and promises were false and fraudulent when made, did knowingly cause to be transmitted by wire communication in interstate and foreign commerce certain writings, signs, signals, pictures, and sounds, to wit: an interstate wire transfer of approximately $70,000 from Victim O.C.'s bank account to E Card's bank account.

In violation of Title 18, United States Code, Sections 1343 and 2.

## FORFEITURE
(18 U.S.C. § 981(a)(1)(C))
(18 U.S.C. § 982(a)(1))

1. The allegations of this Information are hereby re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of America of certain property in which the defendant, **PABLO SILVERIO REBOLLIDO**, has an interest.

2. Upon conviction of Title 18, United States Code, Sections 1343, as alleged in this Information, the defendant shall forfeit to the United States any property, real or personal, which

constitutes or is derived from proceeds traceable to the offense of conviction pursuant to Title 18, United States Code, Section 981(a)(1)(C).

3. The property subject to forfeiture as a result of the alleged offenses includes, but is not limited to, a forfeiture money judgment in the sum of approximately $35,789,792.47 in United States currency, which sum represents the value of any property that constitutes or is derived from proceeds traceable to the defendant's commission of the offense; and directly forfeitable property, including, but not limited to:

   i. real property located at 11 Sombrero Boulevard, Unit #10E, Marathon, Florida 33050;

   ii. 11 Sombrero Boulevard, Unit #11E, Marathon, Florida 33050;

   iii. A 2011 24-foot Cruiser Yacht 540 Sports Couple registered to Acres 129, LLC, Hull Number: CRSXEA05H011 seized on or about July 15, 2024;

   iv. Approximately $100,033.49 seized from account number 305980113 at All In Credit Union in the name of Pablo Silverio Rebollido on or about July 2, 2024;

   v. Approximately $10,843.93 seized from account number 305980668 at All In Credit Union in the name of Pablo Silverio Rebollido on or about July 2, 2024; and

   vi. Approximately $48,572.99 seized from brokerage account number U19777947 at Interactive Brokers, LLC in the name of Pablo Silverio Rebollido on or about July 24, 2024.

4. If any of the property subject to forfeiture, as a result of any act or omission of the defendant:

   (a) cannot be located upon the exercise of due diligence;

   (b) has been transferred or sold to, or deposited with, a third party;

   (c) has been placed beyond the jurisdiction of the court;

   (d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty.

the United States shall be entitled to forfeiture of substitute property under the provisions of Title 21, United States Code, Section 853(p).

All pursuant to Title 18, United States Code, Section 981(a)(1)(C) and the procedures set forth in Title 21, United States Code, Section 853, as incorporated by Title 28, United States Code, Section 2461(c)

HAYDEN P. O'BYRNE
UNITED STATES ATTORNEY

ROBERT MOORE
ASSISTANT UNITED STATES ATTORNEY

JON M. JUENGER
ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

CASE NO.: _____

v.

PABLO SIVERIO REBOLLIDO,

_____ /
Defendant.

**CERTIFICATE OF TRIAL ATTORNEY**

**Superseding Case Information:**
New Defendant(s) (Yes or No) _____
Number of New Defendants _____
Total number of new counts _____

**Court Division** (select one)
- [✓] Miami
- [ ] Key West
- [ ] FTP
- [ ] FTL
- [ ] WPB

I do hereby certify that:

1. I have carefully considered the allegations of the Indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, 28 U.S.C. §3161.

3. Interpreter: (Yes or No) Yes
   List language and/or dialect: Spanish

4. This case will take __0__ days for the parties to try.

5. Please check appropriate category and type of offense listed below:

   (Check only one)
   - I  [✓] 0 to 5 days
   - II [ ] 6 to 10 days
   - III [ ] 11 to 20 days
   - IV [ ] 21 to 60 days
   - V [ ] 61 days and over

   (Check only one)
   - [ ] Petty
   - [ ] Minor
   - [ ] Misdemeanor
   - [✓] Felony

6. Has this case been previously filed in this District Court? (Yes or No) No
   If yes, Judge _____ Case No. _____

7. Has a complaint been filed in this matter? (Yes or No) No
   If yes, Judge _____ Magistrate Case No. _____

8. Does this case relate to a previously filed matter in this District Court? (Yes or No) No
   If yes, Judge _____ Case No. _____

9. Defendant(s) in federal custody as of _____

10. Defendant(s) in state custody as of _____

11. Rule 20 from the _____ District of _____

12. Is this a potential death penalty case? (Yes or No) No

13. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared M. Strauss)? (Yes or No) No

14. Did this matter involve the participation of or consultation with Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023? No

15. Did this matter involve the participation of or consultation with Magistrate Judge Marty Fulgueira Elfenbein during her tenure at the U.S. Attorney's Office, which concluded on March 5, 2024? No

16. Did this matter involve the participation of or consultation with Magistrate Judge Ellen F. D'Angelo during her tenure at the U.S. Attorney's Office, which concluded on October 7, 2024? No

By: _____AUSA____ [signature] _____
Robert F. Moore
Assistant United States Attorney
SDFL Court ID No.  A5502488

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:** PABLO SILVERIO REBOLLIDO

**Case No:** _____

Count #: 1

Wire Fraud

18 U.S.C § 1343
* Max. Term of Imprisonment: Twenty (20) Years
* Mandatory Min. Term of Imprisonment (if applicable): N/A
* Max. Supervised Release: Three (3) Years
* Max. Fine: $250,000 or Twice the Gross Gain or Loss

*Refers only to possible term of incarceration, supervised release and fines. It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.

AO 455 (Rev. 01/09) Waiver of an Indictment

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| United States of America | ) | |
|---|---|---|
| v. | ) | Case No. |
| | ) | |
| Pablo Silverio Rebollido, | ) | |
| Defendant | ) | |

**WAIVER OF AN INDICTMENT**

I understand that I have been accused of one or more offenses punishable by imprisonment for more than one year. I was advised in open court of my rights and the nature of the proposed charges against me.

After receiving this advice, I waive my right to prosecution by indictment and consent to prosecution by information.

Date: _____

_____
*Defendant's signature*

_____
*Signature of defendant's attorney*

_____Phil Horowitz, Esq._____
*Printed name of defendant's attorney*

_____
*Judge's signature*

_____
*Judge's printed name and title*